IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

AUSTRALIA BUTLER                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:13-CV-00051-GHD-SAA

WAL-MART STORES, INC. and
KEN HERRING                                                        DEFENDANTS

MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Presently before this Court is Plaintiff's motion to remand the case to state court [12].

Upon due consideration, the Court is of the opinion that the motion should be granted due to lack

of diversity jurisdiction.

### A.  Factual and Procedural Background

On November 21, 2012, Plaintiff Australia Butler ("Plaintiff") filed a complaint in the

Circuit Court of Lafayette County, Mississippi, against Defendant Wal-Mart Stores, Inc. ("Wal-

Mart") to recover for injuries she sustained as result of a slip-and-fall incident in a Wal-Mart

store.  Plaintiff alleges that while she was shopping she inadvertently stepped in a liquid spilled

on the floor and slipped and fell onto the hard tile floor, sustaining torn breast tissue and loss of

consciousness.  She further alleges that since the alleged incident she has suffered constant

debilitating headaches and has incurred significant medical expenses, and that despite knowledge

of the foregoing, Wal-Mart has consistently refused to take any corrective actions in this matter.

She asserts causes of action for premises liability and negligence, and seeks compensatory

damages in an unspecified amount with attorney's fees, costs, and pre- and post-judgment interest.

On December 20, 2012, Plaintiff filed an amended complaint [4] wherein she adds the subject Wal-Mart store's then-manager, Ken Herring ("Herring"), as a Defendant. On December 26, 2012, Wal-Mart filed an answer [5] to the initial complaint. Subsequently, Wal-Mart removed this case to this Court on the basis of diversity jurisdiction and filed an answer to the amended complaint [8]. Plaintiff then filed the present motion to remand [12] the case to state court, Wal-Mart filed a response, and Plaintiff filed a reply. The motion to remand [12] is now ripe for review.

### B. Standard of Review

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

2

*C. Discussion*

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Plaintiff contends that removal is improper and remand is warranted because (1) Wal-Mart's notice of removal was procedurally defective; (2) the jurisdictional amount in controversy is not satisfied; and (3) complete diversity of citizenship does not exist between Plaintiff and Defendants. Plaintiff also seeks costs and attorney's fees incurred in filing the present motion to remand. The Court addresses each ground for remand in turn.

(1) Removal Procedure

First, Plaintiff contends that Wal-Mart's notice of removal is procedurally deficient because Herring did not join in the notice. Wal-Mart argues that its notice of removal was not procedurally defective because Herring submitted an affidavit in support of the notice of removal, the Fifth Circuit does not require formal joinder, and Herring was never served with process.

The statute governing removal procedure provides in pertinent part:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C.A. § 1446(a). "This requires that all <u>served</u> defendants join in the removal petition prior to the expiration of the removal period." *Ortiz v. Young*, 431 F. App'x 306, 207 (5th Cir. 2011) (citing *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (emphasis added). Nothing

in the record supports that Herring was served with the summons and complaint prior to the time the notice of removal was filed. Thus, the fact that Herring did not join in the notice for removal does not render the notice procedurally defective, and Plaintiff's motion for remand is denied on this ground.

(2) Amount in Controversy

Second, Plaintiff contends that removal is improper because Wal-Mart has not shown that the jurisdictional amount is satisfied. A district court enjoys diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. *In re 1994 Exxon Chem. Fire*, 558 F.3d at 387 (quotation marks and citation omitted).

Courts generally begin the amount-in-controversy analysis by "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional threshold. *Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). In the case *sub judice*, the complaint's *ad damnum* clause provides that Plaintiff seeks actual and compensatory damages, but does not specify the amount of damages sought. When, as in the case *sub judice*, a complaint does not allege a specific amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount"; in this analysis, the court may rely on "summary judgment-type" evidence to determine

4

the amount in controversy. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57–58 (5th Cir. 1993).

Plaintiff contends that because she does not ask for a specific amount of damages in her complaint and because she does not expressly state in her responses to Wal-Mart's requests for admission that she is seeking an amount of damages in excess of the jurisdictional amount, the amount in controversy requirement has not been met. Wal-Mart argues that Plaintiff repeatedly denies that the value of her claim is less than the jurisdictional amount in her responses to Wal-Mart's requests for admission. Indeed, in Plaintiff's responses to the requests for admission— which were submitted prior to the notice of removal and are attached to Wal-Mart's response to the motion to remand—Plaintiff denies that the value of her claims does not exceed the jurisdictional threshold, denies that she would not accept any sum greater than the jurisdictional threshold even if awarded by a jury, denies that she would never seek to amend her complaint to seek an amount above the jurisdictional threshold, and denies that she would never seek a verdict greater than the jurisdictional threshold. Wal-Mart also points to the fact that Plaintiff has not submitted a sworn, unrebutted affidavit indicating that the requisite amount in controversy is not present. *See White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (failure to contest removal with sworn, unrebutted affidavit indicating that jurisdictional amount is not met was factor favoring removal). The Court finds that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, and Plaintiff's motion to remand is denied on this ground.

(3) Complete Diversity of Citizenship

Finally, Plaintiff contends that removal is not appropriate because there is lack of complete diversity of citizenship among the parties. It is undisputed that complete diversity exists between Plaintiff, a citizen of Mississippi, and Wal-Mart, a citizen of Delaware and Arkansas. However, Plaintiff contends that Herring's presence as a Defendant destroys complete diversity, as both Plaintiff and Herring are citizens of Mississippi. Thus, Plaintiff maintains that removal jurisdiction is improper.

Wal-Mart argues that Herring was improperly joined in order to destroy diversity jurisdiction and thus that Herring's citizenship should be disregarded in the diversity jurisdiction determination. Wal-Mart argues in support that there is no possibility that Plaintiff might establish a viable cause of action against Herring, as Plaintiff only asserts causes of action for premises liability and negligence, neither of which can be brought against Herring. Wal-Mart further argues that the complaint contains nothing more than conclusory allegations against Herring based on Herring's purported role as store manager of the subject Wal-Mart store. Wal-Mart argues that Plaintiff does not allege, nor could she show, that Herring directly contributed to her alleged injuries, as Herring has stated in an affidavit that he was not working or otherwise on duty at the time of Plaintiff's alleged fall. Thus, Wal-Mart argues that removal is proper.

"[T]he doctrine that ignores a lack of complete diversity where the plaintiff joins a nondiverse defendant to avoid federal jurisdiction" is known as "improper joinder" in the Fifth Circuit. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc)). "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state

6

court." *Id.* at 401 (quoting *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (in turn quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003))). Because Wal-Mart does not contend that the pleadings contain actual fraud, only the second prong is before this Court.

"[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, [restated,] there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Mumfrey*, 719 F.3d at 401 (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (some alteration in original) (in turn quoting *Smallwood*, 385 F.3d at 573)). First, the Court must determine whether Plaintiff's amended complaint states a claim against Herring, as, "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *See id.* (citing *Smallwood*, 385 F.3d at 573) . However, even if Plaintiff has stated a claim against Herring, if she has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the [Court] may, in its discretion, pierce the pleadings and conduct a summary inquiry." *See id.* (citing *Smallwood*, 385 F.3d at 573) (internal citation omitted). "The purpose of the [summary] inquiry is limited to identifying 'the presence of discrete and <u>undisputed</u> facts that would preclude plaintiff's recovery against the in-state defendant.' " *Id.* (citing *Smallwood*, 385 F.3d at 573–74) (emphasis added). If the Court conducts a summary inquiry, it may "consider summary judgment-type evidence in the record, but must also take into account all <u>unchallenged</u> factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *See Travis*, 326 F.3d at 648–49 (emphasis added). All <u>disputed</u> issues of fact and any ambiguities of state law must be resolved in the Plaintiff's favor. *See id.* at 649. Wal-Mart, as the removing party, bears the <u>heavy</u> burden

7

of demonstrating that there is no possibility of recovery against Herring. *See id.* (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

In *Smith v. Petsmart, Inc.*, 278 F. App'x 377 (5th Cir. 2008) (per curiam), a similar case to the case *sub judice*, the Fifth Circuit held that a store manager was not improperly joined because Mississippi law was unclear as to whether a store manager could be personally liable in a premises liability case. *See id.* at 380. In *Smith*, one of the plaintiffs was carrying a bag of dog food, retrieved another bag, and while carrying both bags of dog food and heading toward the checkout counter, tripped over the prongs of a parked and unattended forklift in the middle of the store aisle and fractured her ankle. *Id.* at 378. The plaintiffs, both citizens of Mississippi, filed suit against Petsmart, a citizen of Delaware and Arizona, and the store manager, who was a citizen of Mississippi. *Id.* Defendants removed the case to federal court on diversity grounds contending that the store manager was improperly joined, and plaintiffs filed a motion to remand contending that removal was proper. *Id.* at 378–79. Included before the district court in its removal analysis was the store manager's affidavit, wherein she stated she was only a front end manager, was the only manager on duty in the store on the night of the incident in question, did not in any way cause the forklift to be in the aisle or have knowledge that the forklift was in the aisle, and did not have the authority to supervise or instruct the forklift operator with respect to operations of the machine. *Id.* at 381. The district court found that the store manager was improperly joined and dismissed the store manager as a party on that basis. *Id.* at 379.

On appeal, the Fifth Circuit looked to Mississippi Supreme Court cases on premises liability and found that under Mississippi law "the owner, occupant, or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning [the] invitee of

8

dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care." *See id.* at 380 (quoting *Mayfield v. The Hairbender*, 903 So. 2d 733, 735–36 (Miss. 2005) (en banc) (in turn quoting *Wilson v. Allday*, 487 So. 2d 793, 795–96 (Miss. 1986)) (quotations omitted). The Fifth Circuit held that based on the assumption under Mississippi law that a store manager may be held liable for negligence as a person in charge of the premises, the plaintiffs did not need to submit evidence other than their allegations in the complaint to sustain a reasonable possibility of recovery against the store manager. *Id.* at 381–82. The Fifth Circuit concluded that because there are uncertainties in Mississippi law as to whether a store manager is a person in charge of premises, the district court should have resolved this issue in favor of the non-removing party and assumed that under Mississippi law a store manager may qualify as a "person in charge of premises," and thus, that the district court should have found that the plaintiffs had established a reasonable probability of recovery against the nondiverse store manager. *See id.* at 380–82 (citing *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 259 (5th Cir. 1995)).

In the case *sub judice*, Plaintiff alleges in her amended complaint with respect to Herring that **(1)** "[o]n the date of the incident, [Wal-Mart and Herring] invited [Plaintiff] into [the subject Wal-Mart store] as a potential customer, [but] rather than providing [Plaintiff] a safe place to shop, an act that the Defendant would profit from, the Defendant provided a forum that was unreasonably dangerous," Pl.'s Am. Compl. [4] ¶ 2; **(2)** that day, Plaintiff, her mother, and her sister visited the subject Wal-Mart store, "a store under the management of [Herring], in order to purchase snacks for the coming weekend," *id.* ¶ 12; **(3)** the liquid upon which Plaintiff slipped and fell "had been tracked up and down the aisle by other customers, showing that the liquid had been present on the floor for some time prior to [Plaintiff's] unfortunate encounter with it and as

such was known or should have reasonably been known by the Defendants, including manager [Herring]," *id.* ¶ 20; **(4)** Defendants are liable under a theory of premises liability because they knew or reasonably should have known that the substance caused a dangerous condition to exist at the subject Wal-Mart store and failed to warn Plaintiff, a business invitee, of the dangerous condition, *id.* ¶ 31; **(5)** the negligent acts and omissions of Defendants proximately caused Plaintiff's injuries, *id.* ¶ 32; and **(5)** Defendants are liable under a theory of negligence because they created or reasonably should have known of the dangerous condition and failed to warn Plaintiff of it, and this failure was a proximate cause of Plaintiff's injuries, *id.* ¶ 36. The Court finds that based on *Smith v. Petsmart, Inc.* and the Mississippi Supreme Court rulings on which it is based, Plaintiff's amended complaint states claims against Herring that he was negligent for failing to properly maintain the subject Wal-Mart store, failing to provide safe premises for customers, and failing to warn of the slipping hazards that were present in the store.

In next turning to the summary-type evidence before the Court, the Court finds that Wal-Mart has submitted the affidavit of Herring, who admits that he was the manager of the subject Wal-Mart store at the time of the alleged incident; however, Herring also maintains that he was not working or on duty at the time of the alleged incident and had no involvement with the alleged incident. *See* Herring Aff. [14-1] ¶¶ 5–6. Plaintiff does not challenge this fact, but instead maintains that whether Herring was actually present in the subject Wal-Mart store during the alleged incident is not dispositive on the issue. The Court finds the Plaintiff's argument to be well taken. Under Mississippi law, a store manager's presence does not appear to be required to sustain a cause of action for premises liability and/or negligence against him or her. *See Gray ex rel. Rudd v. Beverly Enters. Miss., Inc.*, 390 F.3d 400, 410 (5th Cir. 2004) ("Plaintiffs cannot demonstrate hands-on contact by the defendants, but such activity does not seem required to

10

impose personal liability under Mississippi law. One may easily be a direct participant in tortious conduct by merely authorizing or negligently failing to remedy misconduct by one's subordinates."). Accordingly, the Court finds that Defendants have failed to meet their heavy burden to justify removal on improper joinder grounds. Therefore, the joinder of Herring destroys complete diversity, and remand is proper on this ground.

### D. Conclusion

In sum, Plaintiff's motion to remand to state court [12] is GRANTED based on lack of complete diversity of citizenship, and the case shall be REMANDED to the Circuit Court of Lafayette County, Mississippi. Plaintiff's request for costs and attorney's fees incurred in filing the present motion to remand is not well taken and is thus DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the _10_ day of October, 2013.

SENIOR JUDGE

11